UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10CV-313-S

LINDA PORTMAN                                           PLAINTIFF

v.

WALTER S. GOODSON, et al.           DEFENDANTS/THIRD-PARTY PLAINTIFF

v.

U.S. DEPARTMENT OF HEALTH &
HUMAN SERVICES, et al.                          THIRD-PARTY DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the court on motion of the third-party defendant, the Secretary of the United States Department of Health & Human Services ("Secretary"), to dismiss the complaint as to her for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1).

In this action, originally filed in the Jefferson Circuit Court, the plaintiff, Linda Portman, seeks recovery against the defendants, Walter S. Goodson and his employer, Vittitow Refrigeration, Inc., for personal injuries she suffered in an automobile accident on August 8, 2008. Goodson then filed a third-party complaint against the Secretary, naming the HHS Centers for Medicare and Medicaid Services ("CMS"), and the Central States, Southeast and Southwest Areas Health and Welfare Fund (the "Fund"). The third-party complaint contends that Medicare has made conditional payment of benefits on behalf of Portman. He urges that CMS and the Fund have or may have asserted liens for reimbursement of those payments against monies which may be payable to Portman through settlement or judgment on her personal injury claims against Goodson. The Fund

answered the third-party complaint alleging entitlement to recovery of $2,668.77 and praying for an offset from any award of medical benefits to Portman in this amount.

Goodson seeks a declaratory judgment regarding the amount of any reimbursement that the Secretary might seek pursuant to the Medicare Secondary Payer ("MSP") statute 42 U.S.C. § 1395y(b). Goodson urges that he has "exposure to liability" for reimbursement, and that any potential liability for repayment should be established at this time.

The Secretary removed the case to this court and now seeks to be dismissed from the action on the ground that the claim against it is premature and therefore the court lacks subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1).

As concisely explained in the Memorandum in Support of the Secretary's Motion to Dismiss (DN 6, p. 2),

> If Plaintiff receives an award, settlement or other payment as satisfaction of her claims against the Defendants, Medicare will determine whether it made payments on Plaintiff's behalf with respect to her claims against the Defendants and the amount, if any, that must be reimbursed to the Medicare Trust Fund. Plaintiff can seek administrative review of that determination and, after exhausting administrative remedies, judicial review. Absent satisfaction of those administrative procedures, sovereign immunity is not waived and no jurisdictional basis exists for this action against the Secretary.

In 1980, Congress passed a group of statutes known as the Medicare Secondary Payor ("MSP") provisions which require liability, automobile and no-fault insurance carriers to make primary payments for services and the Medicare program to make secondary payments for services to Medicare beneficiaries. 42 U.S.C. § 1395y(b). Medicare is required to pay for a beneficiary's medical care if the responsible party is not expected to pay promptly. 42 U.S.C. § 1395y(b)(2)(B)(1). Such payments are conditional payments, subject to reimbursement to the appropriate Medicare Trust Fund when funds become available. The administrative process

governing reimbursement obligations is set forth in 42 U.S.C. § 1395ff and the corresponding regulations. These provisions make clear that it is not until a beneficiary receives an award, settlement or other payment in satisfaction of his claims that Medicare conditional payments can become overpayments subject to reimbursement. If the Secretary makes an initial determination that reimbursement of any conditional payment is mandated, the beneficiary is notified. 42 U.S.C. § 1395ff(a).

The administrative process allows for dissatisfied individuals to request reconsideration, a hearing, review by an administrative law judge, and further review by the Department of Health and Human Services Departmental Appeals Board. 42 U.S.C. § 1395ff(b)(1)(A). This subsection further provides for "judicial review of the Secretary's final decision after such hearing as is provided in section 405(g) of this title." Thus judicial review is only available after exhaustion of the administrative process set forth in § 1395ff.

Lest there be any doubt that the claim brought here against the Secretary is precluded, 42 U.S.C. § 405(h), made applicable to the Medicare Act by 42 U.S.C. § 1395ii, provides that

> No findings of fact or decision of the [Secretary] shall be reviewed by any person, tribunal or governmental agency except as herein provided. No action against the United States, the [Secretary] or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28 to recover on any claim arising under this chapter.

Portman and Goodson are still litigating Portman's tort claims. There has been no settlement, judgment or other payment to trigger an initial determination by the Secretary, much less the full gamut of administrative remedies which must be exhausted before seeking judicial review. Goodson's third-party complaint is premature.

The third-party complaint thus fails to allege a "case or controversy" cognizable under the Declaratory Judgment Act, 28 U.S.C. § 2201(a). Goodson's claim is not ripe for review. "Ripeness requires that the 'injury in fact be certainly impending.' [citation omitted]. Ripeness separates those matters that are premature because the injury is speculative and may never occur from those that are appropriate for the court's review." *National Rifle Association of America v. Magaw*, 132 F.3d 272, 280 (6th Cir. 1997), *quoting Abbott Laboratories v. Gardner*, 387 U.S. 136, 148, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967), *overruled on other grounds, Califano v. Sanders*, 430 U.S. 99, 105, 97 S.Ct. 980, 984, 51 L.Ed.2d 192 (1977).

Goodson's purported injury is speculative. There may be no overpayment for Portman's medical care. Any initial determination of overpayment may be found to be correct. An initial determination may be corrected through the administrative process. Repayment may be made by another person or entity, thus eliminating any possible obligation of Goodson to do so. Thus in the absence of a judgment, settlement, or other payment and without any final determination by the Secretary concerning reimbursement, Goodson cannot establish an "injury in fact [that is] certainly pending." *National Rifle Assoc.*, 132 F.3d at 280. As the matter is not ripe, there is no justiciable case or controversy and the matter must be dismissed for lack of subject matter jurisdiction. *Id.*, *see also, Gobrecht v. McGee,* 249 F.R.D. 262 (N.D. Ohio 2007)*; Walters v. Leavitt*, 376 F.Supp.2d 746 (E.D.Mich. 2005).

For the reasons set forth hereinabove, the motion of the Secretary to dismiss the third-party complaint as to her will be granted. Because no federal jurisdiction exists in this matter, the action will be remanded to the Jefferson Circuit Court for all further proceedings. A separate order will be entered herein this date in accordance with this opinion.

**IT IS SO ORDERED.**